AO 250 (Rev. 09/2024) Pro Se Motion for Compassionate Release

# UNITED STATES DISTRICT COURT
## FOR THE
__Southern__ DISTRICT OF __New York__

RECEIVED MAR 17 2025 U.S.D.C. W.P.

UNITED STATES OF AMERICA

v.

__Frank Moss__
Write your full name here.

Case No. __19CR583(KMK)__
(Write the number of your criminal case.)

**MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)**

(*Pro Se* Inmate)

---

**NOTICE**

The public can access electronic court files. Federal Rule of Criminal Procedure 49.1 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain a person's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include *only* the last four digits of a social security number, the year of a person's birth, a minor's initials, and the last four digits of a financial account number.

---

## I. DOCUMENTS AND REQUEST TO SEAL

Does this motion include a request that any documents attached to this motion be filed under seal? (Documents filed under seal are not available to the public.)

 ☒Yes ☑No **NO**

## ATTACHMENTS

If you answered "Yes," please list below the documents you request be filed under seal:

_____

AO 250 (Rev. 09/2024) Pro Se Motion for Compassionate Release

Please list below any documents you are attaching to this motion. A proposed release plan is included as an attachment. You are encouraged, but not required, to complete the proposed release plan. Also, a cover page for the submission of medical records and additional medical information is included as an attachment to this motion, as well as a cover page for the submission of additional information (for example, information related to victim abuse under §1B1.13(b)(4)). Again, you are not required to provide medical records or this additional information. For each document you are attaching to this motion, state whether you request that it be filed under seal because it includes confidential information.

| Document | Attached? | Request to Seal? |
|---|---|---|
| Proposed Release Plan | ☑ Yes ☐ No | ☐ Yes ☐ No |
| Additional Medical Information | ☑ Yes ☐ No | ☐ Yes ☐ No |
| Additional Information (e.g., victim abuse-related information under §1B1.13(b)(4)) | ☐ Yes ☐ No | ☐ Yes ☐ No |

## II. REQUEST FOR APPOINTMENT OF COUNSEL

I request that an attorney be appointed to help me.

☑ Yes ☐ No

## III. SENTENCE INFORMATION

Date of Sentencing: __January 29, 2020__

Term of Imprisonment Imposed: __262 months__

Approximate Time Served to Date: __96 months__

Projected Release Date: __2040 - years 21½__

Length of Term of Supervised Release: __5 years__

Have you filed an appeal in your case?

☐ Yes ☑ No

Are you subject to an order of deportation or an ICE detainer?

☐ Yes ☑ No

AO 250 (Rev. 09/2024) Pro Se Motion for Compassionate Release

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES[1]

Title 18 U.S.C. § 3582(c)(1)(A) allows you to file this motion (1) after you have fully exhausted all administrative rights to appeal a failure of the Federal Bureau of Prisons (BOP) to bring a motion on your behalf or (2) 30 days after the warden of your facility received your request that the warden make a motion on your behalf, whichever is earlier.

Please include copies of any written correspondence to and from the BOP related to your motion, including your written request to the warden and records of any denial from the BOP.

Have you personally submitted your request for compassionate release to the warden of the institution where you are incarcerated?

☑ Yes, I submitted a request for compassionate release to the warden on (date) __2/28/2023__
☐ No, I did not submit a request for compassionate release to the warden.

_1· March 2024_

If you answered "No," please explain why not.

_____

_____

Did the warden deny your request?   _I did Not receive a response yet._

☐ Yes, the warden denied my request on (date) _____ .
☐ No, I did not submit a request for compassionate release to the warden.

## V. GROUNDS FOR RELEASE

This section includes specific citations to sections of the U.S. Sentencing Guidelines, specifically the policy statement at §1B1.13 (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)), often referred to as "compassionate release."

Please use the checkboxes below to state the grounds for your request for compassionate release. Please select all grounds that apply to you. You may attach additional sheets if necessary to further describe the reasons supporting your motion. You also may attach any relevant exhibits. Exhibits may include medical records if your request is based on a medical condition, or a statement from a family member or sponsor.

---

[1] The requirements for filing this compassionate release motion with the court differ from the requirements for submitting a compassionate release request to the BOP. This form should be used only for a compassionate release motion made to the court. If you are submitting a compassionate release request to the BOP, please review and follow the BOP program statement.

AO 250 (Rev. 09/2024) Pro Se Motion for Compassionate Release

---

**A. Are you at least 70 years old?**

☑ Yes ☐ No    *As of June 27, 2025*

If you answered "No," go to Section B below. You do not need to fill out Section A.

If you answered "Yes," you may be eligible for release under 18 U.S.C. § 3582(c)(1)(A)(ii) if you meet two additional criteria. See §1B1.13(a)(1)(B). Please answer the following questions so the court can determine if you are eligible for release under this section of the statute.

Have you served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense(s) for which you are currently imprisoned?

☐ Yes ☑ No    *I have been incarcerated for over 30 years.*

Has the Director of the BOP determined that you are not a danger to the safety of any other person or the community, as provided under 18 U.S.C. § 3142(g)?

☑ Yes ☐ No

**B. Do you believe there are other extraordinary and compelling reasons for your release?**

☑ Yes ☐ No

If you answered "Yes," please check all boxes that apply so the court can determine whether you are eligible for release under 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c)(1)(A) authorizes a court to reduce a defendant's term of imprisonment if "extraordinary and compelling reasons" warrant a reduction and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

☐ I am suffering from a terminal illness. See §1B1.13(b)(1)(A).

☑ I am suffering from:

- a serious physical or medical condition;
- a serious functional or cognitive impairment; or
- deterioration in my physical or mental health because of the aging process

that substantially diminishes my ability to provide self-care within the environment of a correctional facility, and I am not expected to recover from this condition. See §1B1.13(b)(1)(B).

Page 4 of 16

AO 250 (Rev. 09/2024) Pro Se Motion for Compassionate Release

- ☐ I am suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which I am at risk of serious deterioration in health or death. *See* §1B1.13(b)(1)(C).

- ☐ There is an ongoing outbreak of infectious disease or ongoing public health emergency affecting, or at imminent risk of affecting, my correctional facility that, due to personal health risk factors and custodial status, has caused me an increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency, and such risk cannot be adequately mitigated in a timely manner. *See* §1B1.13(b)(1)(D).

- ☑ I am 65 years old or older; I am experiencing a serious deterioration in physical or mental health because of the aging process; and I have served at least 10 years or 75 percent of my term of imprisonment, whichever is less. *See* §1B1.13(b)(2).

- ☐ The caregiver of minor child/children or my child/children who is/are 18 years of age or older and incapable of self-care because of a mental or physical disability or mental condition has died or become incapacitated, and I am the only available caregiver for my child/children or adult disabled child/children. *See* §1B1.13(b)(3)(A).

- ☐ My spouse/registered partner, parent, immediate family member (child, spouse, registered partner, parent, grandchild, grandparent, or sibling), or someone whose relationship is similar to that of an immediate family member has become incapacitated, and I am the only available caregiver for them. *See* §1B1.13(b)(3)(B), (C), and (D).

- ☐ While serving this sentence, I was a victim of:

    - sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2); or
    - physical abuse resulting in "serious bodily injury"

    that was committed by or at the direction of a correctional officer, an employee, or contractor of the BOP or any other individual having custody or control over me. *See* §1B1.13(b)(4).

- ☐ There is another circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described above, are similar in gravity to the reasons described above. *See* §1B1.13(b)(5).

- ☐ I received an unusually long sentence, I have served at least 10 years of the term of imprisonment, and a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) would produce a gross disparity between the sentence

Case 7:19-cr-00583-KMK    Document 529    Filed 04/23/25    Page 6 of 23

AO 250 (Rev. 09/2024) Pro Se Motion for Compassionate Release

being served and the sentence likely to be imposed on the date I filed this motion, after full consideration of my individualized circumstances. *See* §1B1.13(b)(6).

Please explain below the basis for your request. If there is additional information that you would like the court to consider but which is confidential, you may include that information on a separate page; attach the page to this motion; and, in Section I above, request that that attachment be sealed.

*My serious health condition, and advanced age support this request.*

## VI. PREVIOUSLY FILED MOTIONS

Have you previously filed any motions for a reduction in sentence (compassionate release) under 18 U.S.C. § 3582(c)(1)(A) (in any court)?

☐ Yes ☑ No

If you answered "Yes," were any of your previous motions granted?

☐ Yes ☐ No

If you have previously filed any motions for a reduction in sentence (compassionate release) under 18 U.S.C. § 3582(c)(1)(A), what about your circumstances or the law has changed since your other motion(s) that you believe now makes you eligible? Please provide details below.

AO 250 (Rev. 09/24) Pro Se Motion for Compassionate Release

## VII. MOVANT'S DECLARATION AND SIGNATURE

For the reasons stated in this motion, I move the court for a reduction in sentence (compassionate release) under 18 U.S.C. § 3582(c)(1)(A). I declare under penalty of perjury that the facts stated in this motion are true and correct.

30 December 2024
Date

Frank Moss
Signature

Frank Moss
Printed Name

86318054
Federal Bureau of Prisons Register No.

FCI-Gilmer
Federal Bureau of Prisons Facility

P.O. Box 6000, Glenville, WV 26351-6000
Institution's Address

Mr. Moss makes this application for compassionate release, pursuant to 18 U.S.C. Section 3181(c)(1)(A). For the reasons explained here, the application is denied. First, Mr. Moss fails to establish that there are extraordinary and compelling reasons for his early release. While Mr. Moss is over 65 years old (but not yet 70) and has served a substantial amount of his sentence (but not yet 10 years or even half of his total sentence), he has failed to establish that he meets any of the criteria of the type of serious health deterioration that is discussed in the Sentence Guidelines. The Guidelines policy statement, U.S.S.G. § 1B1.13, sets forth requirements for what constitutes extraordinary and compelling reasons that must be met before a court can reduce a sentence. See 18 U.S.C. § 3582(c)(1)(A) (requiring reduction in sentence to be "consistent with applicable policy statements issued by the Sentencing Commission"). Specifically, Section 1B1.13 of the Sentencing Guidelines provides that courts may consider a set of factors related to the defendant's medical circumstances, age, family circumstances, and history of abuse, U.S.S.G. § 1B1.13(b)(1)–(4), as well as "any other circumstance or combination of circumstances that, when considered by themselves or together with any of" these four considerations, "are similar in gravity" to such circumstances, U.S.S.G. § 1B1.13(b)(5).

As the Government has explained in detail (see Doc. # 51), Mr. Moss satisfies none of the factors related to medical circumstances that might establish severe or deteriorating medical conditions. Nor does Mr. Moss establish that he meets any other criteria related to his family, his age, or the an amount of time he has served or could serve. Thus, Mr. Moss has failed to establish any extraordinary or compelling reasons for early release.

Second, even if Mr. Moss established extraordinary or compelling circumstances, the Section 3553(a) factors strongly counsel against early release. Mr. Moss sold drugs that he had every reason to believe could kill people, he sold them anyway, and two people died. To now reduce his sentence would ignore the seriousness of this reprehensible criminal conduct. Moreover, reducing his sentence now would substantially undercut respect for the law and general deterrence. And, it is important to note that the Court carefully considered Mr. Moss's age and health challenges when imposing sentence. Nothing about his age or health has unforeseeably changed. Thus, the Section 3553(a) factors independently justify denying the application.

So Ordered.
4/23/25